**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICHARD ARMSTRONG, | : | Case No. 3:23-cv-00020 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| VERIZON WIRELESS, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Richard Armstrong, who is proceeding without the assistance of counsel, filed this action against Defendant Verizon Wireless. By separate Order, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for lack of subject matter jurisdiction.

**I.      PLAINTIFF'S ALLEGATIONS**

In his Complaint, Plaintiff alleges that he did not sign up for a business account, yet Verizon Wireless fraudulently concealed that the service would be provided by "Verizon Business" instead of "Verizon Wireless." (Complaint, ECF No. 6 at PageID 30.)  Plaintiff alleges that his network Domain Name System (DNS) is being ported to a virtual Verizon Business server located in Covington, Kentucky. (*Id*. at PageID 34-36.) Finally, Plaintiff alleges that Verizon Wireless fraudulently concealed the company name on mailings that he received. (*Id*. at PageID 37-38.)

1

Plaintiff claims that the Court has subject matter jurisdiction over this action based upon 28 U.S.C. § 1343(a)(3). (Complaint, ECF No. 6 at PageID 29.) This statute grants federal district courts "original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3).

## II.     THE COURT LACKS SUBJECT MATTER JURISDICTION

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

One basis for invoking a federal district court's subject matter jurisdiction is by showing that a civil action "aris[es] under the Constitution, laws, or treaties of the United States," and therefore satisfies the doctrine referred to as federal question jurisdiction. 28

U.S.C. § 1331. Plaintiff's Complaint does not identify any basis for concluding that the Court has federal question jurisdiction over this action.

Another basis for invoking a federal district court's subject matter jurisdiction is by establishing that the court has diversity jurisdiction, namely, that a civil action is between "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Plaintiff's Complaint does not identify any basis for concluding that the Court has diversity jurisdiction over this action.

Typically, parties must establish the existence of federal question jurisdiction or diversity jurisdiction to maintain an action in federal court. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Plaintiff, however, cites 28 U.S.C. § 1343 as the basis for subject matter jurisdiction. This civil-rights statute confers subject matter jurisdiction over cases in which plaintiff alleges that a State actor has taken action to deprive plaintiff of equal rights that are guaranteed by federal statutory law or the United States Constitution. Plaintiff's Complaint does not identify any basis for concluding that these requirements are met. Therefore, the undersigned concludes that the Court lacks subject matter jurisdiction over the Complaint, and **RECOMMENDS** that it be dismissed without prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction; and

2.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997);

                              */s/ Caroline H. Gentry*
                              Caroline H. Gentry
                              United States Magistrate Judge


**NOTICE OF PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).